Young v. Holder stated, The federal law principles determine the effect of a guilty plea under the modified categorical approach. These principles limit admissions implicit in a guilty plea to those facts essential to convict. Where does it say that? Your Honor, it says... It talks about, as I read the language in Young, it suggests that we're all about conjunctive counts and a plea to conjunctive counts. And now I hear you suggesting that it says more than that. Yes, Your Honor. That was the specific question in front of the Court in Young, was a conjunctive plea. But in order to reach that question, the Court had to decide the necessary predicate question of what is admitted in a guilty plea in general, in other cases, not just in general, as a general principle. Well, we've kind of fought this same argument you're making previously in other kinds of cases and, in fact, have had all kinds of en banc disputes about this and all kinds of things. So I look very carefully at Young to look at the language therein. And I didn't see anything in Young about anything about facts necessary for enhancement. Well, Your Honor, let me get a specific quote from Young. There's a number in... Well, I've got it in front of me, so it would be nice to see what you've got on your mind. Your Honor, some of the Young held, specifically at page 988, quoting from Wright's treatise, that a plea is treated as an admission of only those facts that are essential to the conviction. Moreover, allegations not necessary to be proved for a conviction are not admitted by a plea. That's a direct quote from Pizarro. And you suggest that's a holding in what we had to do in Young? Yes, Your Honor, because it was in order to... Frankly, in Young, what they were really talking about is they had conjunctive counts, and therefore they had to decide whether we could really get there on conjunctive counts. But I don't think it had anything to do with a situation like this, where all I did was say exactly what it was the conviction was about. Your Honor, the question, the specific question in front of Young was conjunctive pleas. But under Miller, the actual issues don't have to be exact. It's the mode of analysis which is critical. And the mode of analysis required, in order to reach the specific question of what is admitted in a conjunctively phrased plea, the court had to resolve a split in opinion, a circuit split, on the question of what is admitted in a plea in general, whether it's conjunctive or not. And those were the cases that Young relied on. And I noted specifically in my brief that Young cited cases that were conjunctive and not conjunctive on both sides of the divide. The question of conjunctive pleading simply wasn't relevant or material to the first question. Counsel, Judge Gould, if I could interject a question. Is there a case, Valdovino's Torres, that was your theory? Yes, Your Honor. So how do you explain or reconcile that was your theory? Your Honor, I've got four reasons why Valdovino's Torres does not control in this case. Number one, it didn't consider the arguments that are being raised in this appeal. Number two is that Okay, let me, on that, on your first issue, isn't that something that as a three-judge panel, there's nothing we could do about that argument? Not at all, Your Honor. In fact, I cited a long list of circuit cases, including Espinoza-Bassa, the Supreme Court case Webster v. Fall, Roman, several cases. They're on, they're listed on pages 32 and 33 of my opening brief that says when a court does not reach a particular question, it's not authority for that point of law. Now, that's exactly the situation in Valdovino's Torres, that there were several important questions that were raised, but the most material questions in my briefs in this case, that simply weren't addressed in that decision. Most critically, the effect of the cases Thomas and Hunt, which are totally, clearly within the Cazares line that was approved in Young, that holds specifically that a two-wit allegation that describes the specific controlled offense substance that's being charged is not admitted by that plea. Those cases specifically hold that two-wit allegations are not admitted by a guilty plea, a bare guilty plea. And so those cases, which are in the approved line in Young, are controlling. That question was never addressed in Valdovino's Torres. There's no mention, in fact, there's no mention of Miller v. Gami in Valdovino's, but there is no mention of the effect of these prior existing cases in the approved line of decisions from Young. Moreover, the, the, the court in Valdovino's Torres never considered the, the problem of the irreconcilable modes of analysis, analysis is between Young and Cabantat, the case that they relied on as authority. It didn't rely on the, it didn't address the question of the specific language, the specific language in Snellenberger, which was overruled in Young. It doesn't address that question. What effect does that have when? Well, but, but, but Valdovino's Torres says that Young only abrogated Snellenberger only to the extent that Snellenberger held that a guilty plea to a conjunctively phrased information constitutes an admission. But as I pointed out in my reply brief, Judge Smith, that that is, in fact, the, I, I pointed the exact passages in both Leal-Vega and Cabantat where they discussed Snellenberger and relied on it. Cabantat's the clearest case, and that's the case, the authority that was relied on in Valdovino's Torres. That couldn't have been about the Shepard document issue that was not, that was, that was held valid still, that was still valid under Young in that part of Snellenberger, because Snellenberger held that a minute order is a Shepard-compliant document. But in Cabantat, they weren't even talking about a minute. They were talking about the complaint. So that question didn't even arise in Cabantat. The only reason Snellenberger was cited in Cabantat was for the plea holding that when you have a plea to a count that has a two-wit drug allegation, that suffices to meet the categorical analysis. But that's exactly the case. Kennedy. If I could ask, these questions are difficult. It reminds me of being back in law school and having questions about what's the narrow holding, what's the broad holding, and I'm not sure what the answers to that are to all these cases. But if we step back and just say as a matter of what the law is trying to achieve, would 2L1.2b1a, should it be trying to reach and punish more severely or sentence a person who has pleaded guilty to a drug crime with such a two-wit allegation? I think not, Your Honor, because as the Court, the Supreme Court recently said in Moncrief that what we're the categorical analysis is concerned with is, quote, it asks what offense the defendant was convicted of, not what acts he committed. Now, to be convicted in a plea context means you must have admitted that. It's the admission that's required. And it has to be admission of a necessary element. That's something this Court also held in Aguila Montes de Oca. It's not enough to admit it. It has to be necessary to the conviction. And under Thomas and Hunt, this Court has already held that these are not necessary and they are not admitted when you plead guilty to a count that just happens to have a two-wit allegation. In the case of Thomas, it was they said that it doesn't – it did not bind the defendant to the amount of the drug. And in Hunt, they said it didn't bind him to the type of drug. The two-wit allegation wasn't necessary and, therefore, it wasn't admitted by a plea. Both of those cases relying on Cazares, which is the approved line in Young. So I think when you look at talking about Miller and the mode of analysis being irreconcilable, when an en banc court adopts one line in a circuit split and says this will now be the circuit law, and then other cases like Leal-Vega and Valdivinos-Torres and Cabantac rely on the disapproved line, there's no question that whether or not the defendant is in a mode of analysis that has been expressly rejected by the court en banc. This court must follow the Young formulation, not the erroneous interpretation, not the pre-Young cases in Leal-Vega and Cabantac, which were the only basis for the decision in the subsequent case, Valdivinos-Torres, which didn't address this matter. And I would say it's fair to even argue that it didn't even address the Miller question. Miller v. Yammy isn't even cited in Valdivinos-Torres, and there doesn't seem to be any paraphrasing language which seems to show that it applied that test. Let's talk about Young for just a minute. I just want to make sure. It was a pretty splintered decision. And was there a majority for the parts of Young that you rely on? That's correct, Your Honor. All the quotes that I've included in my briefs, those are all from the majority. Because the subsequent, the additional decisions were going to another question in Young, that is, what is needed to be shown to prove eligibility for relief? But the question about what does the guilty plea admit, that was joined by all the court, as far as I can tell. None of the dissenting or concurring opinions addressed or took issue with that. Was it disputed in Young? I think so, Your Honor. It wasn't disputed. I mean, that's what happened in Slavoburger, too. The part that got overruled was a part that nobody disputed. And then we voted that we did, and then it turns out it was later had to be overruled. I just wonder whether I remember. It's been a year. It hasn't been that long, but cases come and go. But I don't remember at all whether that was an issue that was actually in dispute in Young. I can't say for sure, Your Honor. But I think when we have a situation where the circuit has two opposing lines of authority, one which would support the government's position and another one that supports the appellant's decision, I couldn't imagine that in some way the parties raise some dispute over which line of cases necessarily applied to that situation. If they're focusing on a different issue, they often don't. That's been my experience. That's certainly what happened in Snellenburger. I know, Your Honor. I can only say, I mean, I know there's authority for anything, but I've made this argument myself before, relying on the Cazares line and arguing that and trying to distinguish the Snellenburger and Matthews line of cases. I know I've raised this in numerous appeals. I mean, I think that it would be pretty obvious that if you're trying to decide whether a conjunctive plea admits everything, the predicate decision, the predicate question is what does a plea in general admit, that you can't reach this. But a two-wit allegation doesn't seem at all like a conjunctive plea. Sorry, which one? A two-wit allegation. Oh, no, it's not. It's not at all like a conjunctive plea. No, I don't think it is, and I wouldn't maintain it is, but I don't think it makes any difference because it was necessary to reach the specific question of conjunctively pleading. It was necessary for the court in Young to decide the predicate question, what does a plea in general admit? And that, when they found, when they looked at Federal law, after deciding that Federal law is where we find the answer to that, they found our circuit has two divergent lines, and they had to resolve that split. They couldn't reach the final question without deciding the predicate one of what does a plea in general admit. Okay, thank you. Does your position then mean, and I might be oversimplifying this, but does it mean that you cannot use a modified categorical approach when there's a plea that you can't use to make an overbroad statute come within the categories of an aggravated felony or crime of violence or whatever because whatever the person said in their plea isn't necessary, whatever factual predicate they gave is not necessary for the conviction of the broader offense? Well, what I think, Your Honor, is that I don't think that's true because I think there are a couple of very prominent Shepard documents which could establish, as Shepard requires, there has to be a factual finding by the judge that's assented to by the defendant. Now, where does that happen in a plea context? In the colloquy. We could get a colloquy that shows he specifically admits the drug, and that happens quite frequently. Or I've also seen minute orders from California superior courts, minute orders, minutes which are actually very narrative. They look very much like an almost periphrastic transcript where the minutes are very detailed, saying what everybody says at each point, and those, too, could contain a specific admission of the drug that was involved. I've never heard that word, periphrastic. I'm not often stumped. What does it mean? I would say it's the adjective form of paraphrase, Your Honor. I like it. Chief Judge Kaczynski, the chief judge has coined a word or two, so he's paying attention there. And I hope Judge Kaczynski could find a use for it, because it was very handy just now. Yes, I'm into P words lately, yes. I like that. Anyway, thank you for your argument. You're well over your time. Let's hear from the government. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Mark Rahe for the United States. Your Honors, the government position in this case relies chiefly on principles of stare decisis. As laid forth in the briefs, not once, not twice, but three separate times in roughly the last year period, this Court has issued precedential decisions addressing this narrow issue only under the modified categorical approach about California drug offenses. And the rule is simple. As long as the charging document, the count of conviction, specifies the actual controlled substance at issue, and as long as any other shepherd document reflects a plea to that count, the modified approach is satisfied. Now, I understand, I appreciate my opponent's advocacy. I appreciate what he's trying to say with his Miller v. Gamby argument, which is that even if there's a panel opinion, if there's an intervening en banc case that casts, you know, serious doubt on it, that it should be open to revision. But two main points. First of all, Young v. Holder, even if it postdated Leal, Vega, and Valdivinas-Torres, did not postdate Valdivinas-Torres. And this Court, in Valdivinas-Torres, already, which was argued by the same defense counsel making the same arguments, already rejected his position that Young v. Holder somehow rendered Kavantech and Leal-Vega invalid. And I would say that at some point, starting to size this, that was the Miller option, and it was declined there. So Valdivinas-Torres binds this Court to that extent. Well, Kavantech and Valdivinas-Torres are not final yet, right? The PFR is pending. Correct. And that was the other thing. Right. Kavantech, I believe, has been pending since October 2012, and my opponent filed his PFR in Valdivinas-Torres February 1 of this year. But our position being, until Valdivinas-Torres and Kavantech are withdrawn, they are obviously still precedential in that they would control this case. Now, the other main point I had in response was. But they didn't deal specifically with this question. Neither of them dealt specifically with the question of whether or not the two-word allegation or whether necessary, we only plead guilty to necessary material in the charge, right? Not expressly. Of course, the government's position would be that it was implicit, though, because that was the records. The factual records are indistinguishable between those cases and this case. Now, on that two-word allegation, though, I think there's another. But factual records are different from rulings. Lots of times issues are not raised for whatever reason. Counsel overlooks the issues or for strategic reasons chooses not to raise an argument, perhaps hoping to focus on something else. And if we don't decide them, we don't decide the issue. We can't read more into a holding than is written on paper, is it? No, Your Honor. But, again, I think in this case, at least with the Valdivinas-Torres, I mean, at some point, I know this Court in the Ramos Medina said we're not free to, you know, reevaluate prior cases just because the new arguments were raised more creatively or differently. The other thing I would point out, though, I know about this two-word allegations is in Federal law under 21 U.S.C. 841, that was the statute at issue in Hunt. The substantive prescription of that statute says whoever possesses with intent to distribute, manufacture, all the other acts, a controlled substance, period. Therefore, the only element that's why Hunt said unless you admit the exact you don't need to admit the exact drug, you just need to admit controlled substance. One thing I was looking at, again, in preparing this case, the statute of conviction here is California Health and Safety 11351. It's possession or purchase for sale, not just of any old controlled substance, but even this is in the title, designated controlled substances. And it goes on to say every single controlled substance is modified by a phrase specified in subdivision this of section that. So, therefore, for 11351, it is not enough to simply say I possessed or purchased for sale a controlled substance without specifying what it is. It has to be a substance that falls under the various cross-references. So in this case, I believe that the statute of conviction here says whoever possesses for sale or purchases for purpose of sale any controlled substance specified in subdivision B, C, or E of section 11054, and it goes on. It lists various other. Why couldn't you plead guilty to saying, yes, I controlled, I'm sorry, I possessed a substance listed in section 11351. Without specifying which one. You'd still be guilty, right? There's nothing defective about that kind of guilty plea, is there? I don't believe so. But I think the point from that, Your Honor, is that at least you have to. I mean, I guess if you went to trial, you'd have to prove a particular substance or you'd have a gap. Yeah, exactly. But I think the idea at least is that there has to be, you know, Young v. Holder did say the effect of a State guilty plea for purposes of the modified categorical approach is controlled by Federal law. But it didn't change the rule that the elements of the offense are still controlled by State law. And so that's why I believe, and the Court has already pointed out that a two-hit allegation is not the same thing as a conjunctive charge. Here it would seem to be a fact essential to the conviction. And, of course, I believe maybe there was reference to the whole of Guilliamante's decision. The whole point of that was it doesn't just have to be an element. It can be a fact that's essential to the government's theory of the case. I believe my opponent ---- I mean, I guess if you went to trial, you would definitely have to prove a particular substance, right? I mean, I'm a little hazy on how State criminal cases go. I appreciate it. Yeah, that would be ---- But if I sort of imagine how it would work is they would say, yes, we found, and you say, the following substance. Somebody would testify as to the composition of the substance, and then somebody would somehow tie it into one of these statutes, right? Correct, Your Honor. You couldn't have a trial by just saying we found something. Exactly. And if that's the case at trial, then the rule should be no different for a guilty plea. But just also on kind of the big picture here, I mean, the government's position, even if there are some tensions, some doubt, the whole point here when you have, again, not one, not two, but three separate binding cases, is that an intervening case can't just raise tension or be somewhat in conflict. It has to be clearly reconcilable. And I don't believe on this case when the majority of the focus of Young v. Holder was a conjunctive plea, and that's not the case here, and where you have this line of authority where, again, even if the exact facts aren't the same, the theme seems to be. That's a different argument, right? If I remember straight, your argument you made a minute ago. You can certainly make different arguments. I just wanted to get them straight in my mind, is to which phrase is necessary. Correct. And if we agree with you on that, then we don't have to worry about any of those. That is true, Your Honor. I guess it's an alternative. I'm not saying that's how I'm going to go. I'm just trying to line up the arguments in my mind. So the argument, the tension with Young and Valdobbino-Flores or whatever only arises if we decide that to which phrase is not necessary. I see. Okay. All right. I got you. And actually, Your Honor, unless the Court has any other further questions, the government would submit. Okay. Do you want to yield your time to opposing counsel? Absolutely. Absolutely. There you go. Generous opponent. Extremely generous opponent. Well, three very brief points. So the last thing about the two-way. What do you think about that argument that it really is necessary because you can't really prove up the offense under state law without proving up the specific substance. You can't just sort of in the abstract say, you, you, you. It sounds to me like a pretty plausible argument. Well, it is plausible, but I don't think it accords with the law of the State of California because this isn't an area that is much too defined to get into the briefs, but I do, there is California case law, which I can cite to the Court. It says, for instance, here's probably the clearest example, that if you charge one drug in the indictment or the information, there's a case where the jury was instructed on a different drug, and the Court of Appeals said that that is not a fatal variance. Now, how could something which is an essential element of the offense not change in the middle of trial and not constitute a fatal variance from the charges? Moreover, the California Supreme Court has done a comprehensive listing of the elements of their possession offense. They don't include type of drug in that list. They include other elements. So I don't think that, in any case, this Court can't overrule Thomas and Hunt. Thomas and Hunt specifically said that there, in those cases, the conviction did not, the two-wit did not admit the specific drug, and that is in line with Cazares. As far as Valdovino's Taurus, what it actually decided, I think we have to look at what the opinion says. We shouldn't be in the position where we have to go back and listen to oral argument or read the briefs or look at drafts of briefs to find out what the panel decided. What the panel decided is what they put in their opinion. And if they don't address Miller, if they don't address Thomas and Hunt, if they don't address Kabantak and the actual… But Thomas dealt with quantity, right? Thomas was the quantity, and they said two-wit didn't… And quantity doesn't seem to be an element of offense. Quantity may be a punishment factor, but it's not an element. That's correct. But Hunt, following Thomas and Cazares, said the same thing about the type of drug. There the drug involved was cocaine, and the defendant did not admit that it was cocaine during the plea colloquy, and the court nevertheless sentenced him as if it were cocaine, and this court held on appeal that he didn't admit that. That wasn't a necessary – it wasn't a formal element, and therefore he didn't… That was a federal conviction, though. Pardon? A federal conviction. In a federal case, yes. But that is a line. That's just the implementation. That's just the implementation of the Cazares reasoning, that when you admit, when you plead guilty to a count that contains allegations like in Snellenberger where they could actually be logically inconsistent, not only not necessary, but contradictory, you don't admit all of those things. You only admit the minimum necessary. Thank you. Thank you. Thank you. The case just argued was Tann Smith. The next case on the calendar to be argued is Rader v. Napolitano. Counsel ready?
judges: Kozinski, Gould, Smith